UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ELLANCER ALLEN MCGRADY, a/k/a
Lance,

*Defendant-Appellant.*

No. 99-4384

Appeal from the United States District Court
for the Western District of North Carolina, at Shelby.
Richard L. Voorhees, District Judge.
(CR-94-44)

Submitted: May 31, 2001

Decided: June 29, 2001

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Roger T. Smith, Asheville, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Jerry W. Miller, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ellancer Allen McGrady was originally sentenced to a term of life imprisonment following a jury trial and convictions for conspiracy to possess with intent to distribute cocaine and cocaine base, as well as various related counts. He appealed his sentence and we remanded for resentencing on the issue of whether McGrady possessed a firearm and therefore was subject to an enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (1998). On remand, the district court held a second sentencing hearing and again applied the enhancement. McGrady appeals, contending that the district court erred in applying the enhancement. McGrady also attempts to challenge his sentence, arguing that the findings the court made regarding drug quantity and possession of a weapon should have been presented to a jury, relying upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Finding no error, we affirm the judgment.

First, even if the *Apprendi* issues McGrady wishes to raise were before the court, his claims are without merit. As to drug quantity, his indictment specified an amount of cocaine and crack cocaine sufficient to expose McGrady to a life sentence. The indictment was read to the jury during jury instructions. Therefore, there is no error under *Apprendi*. *United States v. Richardson*, 233 F.3d 223, 231 (4th Cir. 2000), *petition for cert. filed*, Mar. 19, 2001 (No. 00-9234). It also was not error to make a determination that McGrady possessed a firearm for sentencing purposes. Sentencing enhancements that do not increase the statutory maximum do not violate the principles of *Apprendi*. *United States v. Kinter*, 235 F.3d 192, 200-01 (4th Cir. 2001), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3618 (U.S. Mar. 19, 2001) (No. 00-8591).

Section 2D1.1(b)(1) of the Sentencing Guidelines calls for the imposition of a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). In order to avoid application of the adjustment, the defendant must show that the connection between the drug offense and the

dangerous weapon possession was clearly improbable. *United States v. Harris*, 128 F.3d 850, 852-53 (4th Cir. 1997). The district court's factual findings pursuant to USSG § 2D1.1(b)(1) are reviewed for clear error. *United States v. Apple*, 915 F.2d 899, 914 (4th Cir. 1990). Our review of the record leads us to conclude that the district court did not clearly err in applying this enhancement. Further, to the extent that McGrady alleges that Sherry Waters, the Government's witness, was not credible, the district court's credibility determination is not reviewable on appeal. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*